IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. |
| ) | |
| UNITED STATES CURRENCY IN THE ) | |
| AMOUNT OF $29,700.00, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by its attorneys, Tammy Dickinson, United States Attorney for the Western District of Missouri, and James Curt Bohling, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1.  This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881(a)(6).

**THE DEFENDANT IN REM**

2.  The defendant $29,700.00 in United States currency was seized on March 5, 2014, pursuant to a seizure warrant served on the Missouri States Highway Patrol. The Missouri State Highway Patrol had seized the defendant $29,700.00 in United States currency as found property from a vehicle driven by Kolby L. Kristeansen on December 26, 2013. It is presently in the custody of the United States Marshals Service in Baltimore Maryland.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881(a)(6).

4. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this district and the defendant is found in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395, because the action accrued in this district and the defendant is found in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. At approximately 11:08 a.m. on December 7, 2013, Missouri States Highway Patrol (MSHP) Cpl. Mark Broniac and East Central Drug Task Force Officer Mike Cheek made

2

Case 2:14-cv-04134-NKL   Document 1   Filed 05/23/14   Page 2 of 7

contact with a Confidential Source ("CS"), who stated that he/she had been smoking methamphetamine with KOLBY LEE KRISTIANSEN at a motel in High Hill, Montgomery County, Missouri, and that KRISTIANSEN frequently stayed at the motel because he did not have a permanent residence. The CS indicated that he/she had seen a pound of methamphetamine, packaged in multiple plastic bags, in the trunk of KRISTIANSEN's Mercury Grand Marquis. A search of Department of Revenue records identified a 2005 4-door Mercury, Missouri license plate FJ5-D8L, registered to KOLBY KRISTIANSEN of Kansas City, Missouri. A criminal history check indicated that KRISTIANSEN had prior felony convictions for distribution of a controlled substance.

8. The CS stated that KRISTIANSEN was involved with the Sinoloan (Mexican) drug cartel in distributing drugs, and believed that KRISTIANSEN was en route to St. Louis, possibly to assault an associate. The officers entered Missouri license plate FJ5-D8L into the License Plate Reader system ("LPR") as a possible drug courier.

9. At approximately 10:11 a.m. on December 26, 2013, MSHP Trooper Zachary Czerniewski was notified of a hit on the LPR entry, headed westbound on I-70. At approximately 10:26 a.m., MSHP Trooper Gary Gundy observed KRISTIANSEN's vehicle traveling westbound on I-70, and saw it cross the center line near the 107 mile marker in Cooper County, Missouri. Trooper Gundy initiated a traffic stop and made contact with KRISTIANSEN, the sole occupant, who gave consent for his vehicle to be searched.

10. At approximately 10:30 a.m., Trooper Czerniewski arrived at the scene to assist, and Trooper Gundy informed him that KRISTIANSEN had given his consent to search the vehicle, which was locked. KRISTIANSEN gave Trooper Czerniewski the keys to his vehicle,

3

commenting, "Don't tear my vehicle apart." Officers noted that KRISTIANSEN appeared very nervous and shook while speaking.

11. While Trooper Czerniewski searched the vehicle, Trooper Gundy remained with KRISTIANSEN. When Trooper Czerniewski opened the trunk of KRISTIANSEN's vehicle, KRISTIANSEN revoked his consent for his vehicle to be searched. Trooper Czerniewski then requested the assistance of Boonville K-9 Officer Scott Wack who arrived with his canine, Kilo.

12. In 2009, Officer Wack and Kilo attended the 12-week dog handler and canine narcotics training program at the Riverside K-9 Training Center in Cape Girardeau, Missouri. Officer Wack and Kilo are current on certifications in the detection of narcotics, and continue to train two days each month for narcotics and tracking detection. After being apprised of the situation, Kilo was walked around, and then alerted on, KRISTIANSEN's vehicle. Officer Wack informed Trooper Czerniewski that Kilo had made a positive hit for narcotics on KRISTIANSEN's vehicle.

13. Trooper Czerniewski resumed his search of KRISTIANSEN's vehicle, opened the trunk, and located a plastic bag inside a lunch box, which contained three syringes and a pipe. These items are associated with the use of methamphetamine. Trooper Czerniewski also found a small black zipper bag in the trunk, sealed with a small gold Masterlock padlock. When asked if he had a key to the padlock, KRISTIANSEN responded, "No." After Trooper Gundy cut the lock with bolt cutters, Trooper Czerniewski opened the bag and discovered a large amount of United States currency inside. When asked if the money was his, KRISTIANSEN stated, "I don't want to talk about it." Trooper Czerniewski explained to KRISTIANSEN that he needed to know who the money belonged to so that the officers knew what to do with it. KRISTIANSEN stated, "I'm

not going to claim it but somebody will."   After seizing the United States currency as possible drug proceeds, Trooper Czerniewski found the padlock key on the keychain to KRISTIANSEN's vehicle.

14. The United States currency was placed into evidence at Missouri State Highway Patrol Troop F in Jefferson City, Missouri.   On March 5, 2014, the United States seized the $29,700.00 that had been seized from KRISTIANSEN on December 26, 2013.

15. A check of KRISTIANSEN's earnings records with the State of Missouri revealed that his entire reported income for 2013 totaled $5,281.80.

## **CLAIM FOR RELIEF**

### FIRST CLAIM FOR RELIEF

16. The Plaintiff repeats and incorporates by reference the paragraphs above.

17. By the foregoing and other acts, defendant $29,700.00 in United States currency constitutes moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in in violation of 21 U.S.C. § 801, *et seq*., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

### SECOND CLAIM FOR RELIEF

18. The Plaintiff repeats and incorporates by reference the paragraphs above.

19. By the foregoing and other acts, defendant $29,700.00 in United States currency constitutes proceeds traceable to an exchange of moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 801, *et seq*., and therefore, is

5

forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

THIRD CLAIM FOR RELIEF

20. The Plaintiff repeats and incorporates by reference the paragraphs above.

21. By the foregoing and other acts, defendant $29,700.00 in United States currency constitutes moneys, negotiable instruments, securities, or other things of value used or intended to be used to facilitate any violation of 21 U.S.C. § 801, *et seq*., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By: */s/ James Curt Bohling*
James Curt Bohling,   #54574
Chief, Monetary Penalties Unit
Assistant United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122
E-mail: mailto:curt.bohling@usdoj.gov

6

## VERIFICATION

I, Task Force Officer Tobin J. Hollmann, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the factual matters contained in paragraphs seven through fifteen of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer of the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated  05/21/2014

/s/ Tobin J. Hollmann
Tobin J. Hollmann
Task Force Officer
Drug Enforcement Administration